U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(*MIAMI DIVISION*)
www.flsb.uscourts.gov

IN RE:    CASE NO. 12-12043-AJC
    CHAPTER 7

GENNY MARINO RODRIGUEZ,

    Debtor.

_____/

### SECURED CREDITOR BANK OF AMERICA, N.A.'S MOTION TO REOPEN CASE TO COMPEL DEBTOR TO SURRENDER THE REAL PROPERTY LOCATED AT 9980 JAMAICA DRIVE, FL 33189

Secured Creditor/Movant, Bank of America, N.A. ("Bank of America"), through its undersigned counsel and pursuant to 11 U.S.C. §§ 105, 350 and 521 and Fed R. Bank. P. 5010, files this Motion to Reopen Case (the "Motion") to compel Debtor Genny Marino Rodriguez (the "Debtor") to surrender the real property located at 9980 Jamaica Drive, Florida 33189 (the "Property") based on her prior conduct in this case, and in support thereof, states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### INTRODUCTION

Bank of America respectfully requests that the Court reopen the above-captioned Chapter 7 bankruptcy case (the "Case") to compel the Debtor to surrender the Property. The Debtor has openly disregarded and failed to comply with the provisions of 11 U.S.C. § 521(a)(2)(B) by

ignoring her affirmation in her Statement of Intention. Although the Debtor chose to reaffirm her debt to Bank of America in her Statement of Intention over three years ago, she has failed to honor her sworn statement. Additionally, Bank of America has repeatedly made efforts to modify the undisputed balance it is owed in an effort to make the mortgage more affordable to the Debtor but the Debtor has rejected these offers, opting for a scorched earth effort to retain possession of the property without making any effort to repay the re-affirmed debt.

In her Statement of Intention, the Debtor elected to retain the Property and reaffirm the debt owed to Bank of America. *See* ECF 1. She did not declare the Property exempt in Schedule "C," thereby benefitting from approximately $4,000.00 of additional exempt assets pursuant to Fla. Stat. Chapter 222. *See Id.* The Debtor listed Bank of America in Schedule "D" as the secured creditor holding an undisputed lien for $236,153.49. *Id.* Nonetheless, the Debtor refused to reaffirm the debt, and following the Court's discharge of the Debtor and closing of the Case, has failed to comply with the requirements of 11 U.S.C. § 521(a)(2)(B). Instead, contrary to the law of this jurisdiction, the Debtor has vigorously opposed Bank of America's efforts to foreclose on the Property, thereby blocking its ability to obtain the *in rem* relief to which it is entitled. As a result, the Debtor has obtained a windfall not intended by the Bankruptcy Code. Accordingly, Bank of America seeks an Order from the Court (1) reopening the Case; (2) compelling the Debtor to surrender the Property; and (3) preventing the Debtor from continuing to oppose the foreclosure proceedings.

**PROCEDURAL HISTORY**

1. On or about January 9, 2009, the Debtor executed and delivered a promissory note to Oxford Lending Group, LLC in the original principal amount of $244,200.00 (the "Note"). A true and correct copy of the endorsed Note is attached hereto as Exhibit "A."

CASE NO. 12-12043-AJC
CHAPTER 7

2. The Note is secured by a mortgage dated January 9, 2009, executed and delivered by the Debtor and her husband, Jose Rodriguez, to MERS as nominee for Oxford Lending Group, LLC (the "Mortgage"), which was recorded on January 16, 2009, at Official Records Book 26721, Page 1265, of the Public Records of Miami-Dade County, Florida, encumbering the Property. True and correct copies of the recorded Mortgage and Assignment of Mortgage are attached hereto as Composite Exhibit "B."

3. The Debtor breached and defaulted under the terms of the Note by, including without limitation, failing to make timely payments as due on and after June 1, 2011.

4. On January 26, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, initiating this Case.

5. The Debtor did not list the Property as exempt in Schedule "C" and, as a result, obtained the benefit of Florida's wildcard exemption, Fla. Stat. §222.25.[1] *See* ECF 1, pp. 13-14.

6. In Schedule "D," the Debtor listed Bank of America as the secured creditor holding a lien on the Property for $236,153.49. *See* ECF 1 at p.15. Bank of America's claim is not listed as contingent, unliquidated or disputed. *Id*.

7. Throughout the Bankruptcy Case, the Debtor acknowledged Bank of America's interest in the Property as a properly perfected secured lien.

8. In her Statement of Intention, the Debtor again listed Bank of America as the secured creditor holding a lien on the Property and included her election to "reaffirm" the debt secured by the Property. *See* ECF 1 at p. 37.

---

[1] In her Statement of Intention, the Debtor incorrectly listed the Property as "exempt;" however, the Property was not treated as exempt on Schedule "C" and the Debtor was allowed a total of $5,922.12 in exempt personal assets as a result. *See* ECF 1.

9.      On May 7, 2012, Debtor received a discharge under 11 U.S.C. § 727(b).  ECF 22 ("Discharge Order").

10.     Notwithstanding her declared intention as to the Property, the Debtor never executed a reaffirmation agreement prior to the entry of the Discharge Order and made no payments to Bank of America during the pendency of the Case or thereafter.  In fact, the Debtor has not paid Bank of America to satisfy the loan secured by the Property in over three years.

11.     On September 23, 2013, Bank of America, as the owner and holder of the Note and Mortgage,[2] filed a foreclosure action against the Debtor (the "Foreclosure Action").

12.     The Debtor has not complied with her sworn statements in the Bankruptcy Schedules and Statement of Intention as she failed to reaffirm the debt prior to the entry of the Discharge Order.  Additionally, she has refused to enter into a loan modification with Bank of America, despite its offers to significantly reduce the principal that she owes.  Moreover, the Debtor has not redeemed the Property nor made a single payment for over three years.  Instead, contrary to her sworn intention to reaffirm the debt, she has vigorously opposed the Foreclosure Action based primarily on standing grounds.  Specifically, she has filed, *inter alia*, a motion to dismiss, a flurry of voluminous and burdensome discovery requests, and multiple motions directed to standing and other issues.[3]  Incredibly, the Debtor continues to oppose the Foreclosure Action by claiming that Bank of America allegedly lacks standing to enforce the

---

[2] The original lender (Oxford Lending Group, LLC) endorsed the Note to Franklin America Mortgage Company, which endorsed the Note to Countrywide Bank, FSB shortly after origination of the loan in 2009.  Countrywide Bank, FSB in turn endorsed the Note to Bank of America.  Bank of America is Countrywide's successor in interest by merger.

[3] For example, on October 22, 2013, the Debtor served requests for production relating to "notice of acceleration and proof of purchase."  On November 15, 2013, the Debtor served requests for production relating to "costs and charges."  On January 31, 2014, the Debtor served requests for production relating to "forced placed insurance."  Thereafter, on June 12, 2014, the Debtor served requests for production relating to "disclosure compliance" and "mortgage broker license and information."

Note and Mortgage, even though the Debtor has admitted over the course of this Case, under penalty of perjury, that Bank of America is the secured creditor holding a lien on the Property, and therefore has standing to pursue a foreclosure action. *See* ECF 1 at p.15.

## ARGUMENT

**I.     Cause Exists for the Case to Be Reopened for Entry of an Order Compelling the Debtor's Compliance with 11 U.S.C. § 521**

A court may reopen a case on motion of a party in interest pursuant § 350(b) of the Bankruptcy Code to "administer assets, to accord relief to the debtor, or for other cause." Fed. R. Bankr. P. 5010. The decision to reopen a case is within the discretion of the Court based on "the particular circumstances and equities of each particular case." *In re Mayhugh*, 427 B.R. 549, 552 (Bankr. S.D. Fla. 2010). In general, the decision to reopen a case is "ministerial and presents a limited range of issues, including whether further administration of the estate appears to be warranted." *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) (citing *Apex Oil Co. v. Sparks* (*In re Apex Oil Co.*), 406 F.3d 538, 543 (8th Cir. 2005)).

Bank of America respectfully requests that the Court reopen this case to prevent the Debtor from abusing the bankruptcy process and to require the Debtor to surrender her interest in the Property. The Debtor's refusal to reaffirm the debt in accordance with her Statement of Intention, failure to make payments and continuing strategy to contest the Foreclosure Action on meritless grounds, is wholly contrary to the principles of equity at the core of the Bankruptcy Code. As such, the equities are in favor of reopening the Case to compel the Debtor to surrender the Property.

## II.     The Court Should Compel the Debtor to Surrender the Property

The Debtor abused the bankruptcy process when she failed to comply with her representations in the Statement of Intention within the time provided by 11 U.S.C. § 521(a)(2)(B) and through her actions following the entry of the Discharge Order. Quite simply, the Debtor agreed to reaffirm the debt she admits is owed to Bank of America. Nonetheless, for the past three years, she has refused to take any action to comply with her representations. Not only did the Debtor refuse to reaffirm, but she has also not made any payments under the Note and continues to oppose Bank of America's efforts to enforce its security interest in the Property. The Debtor's arguments and opposition in the Foreclosure Action that Bank of America lacks standing fly in the face of her sworn statements regarding the debt she admits that she owes to Bank of America. This Court should not permit the Debtor to ignore her responsibilities to comply with her representations to this Court while continuing to benefit from a Bankruptcy discharge. Accordingly, Bank of America respectfully requests that the Court reopen this Case and order the Debtor to surrender the Property.

Pursuant to section 521(a)(2) of the Bankruptcy Code, "if an individual debtor's schedule of assets and liabilities includes debts that are secured by property of the estate," a debtor must choose whether she will retain or surrender the property. Section 521(a)(2)(B) requires that "within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, .... [the debtor] perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph." 11 U.S.C. § 521(a)(2)(B). "With a lien in place, the retention options are redemption and reaffirmation." *In re Pratt*, 324 B.R. 1, 7 (Bankr. D. Me. 2005). Failure to reaffirm the debt within the permitted time period has

the same effect as if the debtor never elected to reaffirm the debt in the statement of intentions. See *In re Linderman*, 435 B.R. 715 (Bankr. M.D. Fla. 2009) (reasoning that "the "plain language" of Bankruptcy Code Section 521(2) does not permit a Chapter 7 debtor to retain the collateral property without either redeeming the property or reaffirming the debt.") (internal citations omitted)

Regarding a secured debt, section 521(a)(2) requires that a Chapter 7 debtor surrender the collateral to the secured creditor absent a reaffirmation agreement or redemption of the collateral. *Taylor v. AGE Fed. Credit Union* (*In re Taylor*), 3 F.3d 1512, 1516 (11th Cir. 1993); *see also In re Steinberg*, 447 B.R. 355, 358 (Bank. S.D. Fla. 2011); *In re Linderman*, 435 B.R. 715, 718 (Bankr. M.D. Fla. 2009). However, if "a debtor is unwilling to enter into a reaffirmation agreement and unable to pay off the mortgage…the debtor may continue to make periodic [the required] mortgage payments in order to discourage the mortgagee from foreclosing on the property.[4] The mortgagee may accept such payments and not seek to foreclose." *In re Steinberg*, 447 B.R. at 359.

Importantly, "[u]nder *Taylor*, a debtor unwilling to reaffirm and unable to pay off the mortgage obligation is required to indicate an intent to surrender the home and to tender the property to the mortgagee." *In re Steinberg,* 447 B.R. at 358; *see also*, *In re Plummer*, 513 B.R. 135, 141 (Bankr. M.D. Fla. 2014) (quoting *Pratt v. GMAC* (*In re Pratt*), 462 F.3d 14, 18 (1st Cir. 2006)) **("[w]here the debtor decides not to reaffirm, or the parties cannot negotiate a**

---

[4] In *In re Jones*, 261 B.R. 479 (Bankr. N.D. Al., 2001), the court reasoned that "[t]he Eleventh Circuit is well within the majority of circuits holding that the debtor's § 521 duties are mandatory." *Id.* at 486-87 (internal citations omitted). Further, the court found that if the debtor fails to comply with the requirements of § 521 within the allotted time, he is foreclosed from doing so at a later time. *Id.*, at 488. Finally, the court reasoned that a "debtor in bankruptcy has no obligation to maintain payments on a discharged debt. Likewise, the creditor has no obligation to allow the debtor to use the creditor's property..." *Id.* at 488 at n. 5.

**reaffirmation, or redemption is not economically feasible, the debtor has but one option: 'surrender' the collateral."**) (emphasis added).

"Congress intended the bankruptcy laws to provide a debtor a 'fresh start' by allowing a debtor to discharge all dischargeable debts while retaining assets that are exempt." *See Taylor*, 3 F.3d at 1516.  However, permitting a debtor to retain property without reaffirming or redeeming gives the debtor more than a "fresh start." *Id.* Instead, it would provide a "head start" because the debtor has "effectively convert[ed] his secured obligation from recourse to nonrecourse with no downside risk for failing to maintain or insure the lender's collateral." *Id.*

Here, the Debtor opted to reaffirm the debt in her Statement of Intention but has failed to make a single payment for over three years.  As in *Taylor*, to comply with the mandates of Section 521, the Debtor must now surrender her interest in the Property.  Any different result would amount to an unintended windfall not supported by the Bankruptcy Code.  Accordingly, this Court should compel the Debtor to surrender her interest in the Property.

### III. The Court Should Also Order the Debtor to Cease Defending the Foreclosure Action

Because the Debtor must surrender the Property, the Court must also order the Debtor to stop defending the Foreclosure Action.  While "surrender" is not defined in the Bankruptcy Code, bankruptcy courts have defined the term by its ordinary dictionary defined meaning. *See In re Cornejo*, 342 B.R. 834, 836 (Bankr. M.D. Fla. 2005) (quoting *In re Ralston*, 400 B.R. 854, 860 (Bankr. M.D. Fla. 2009) ("In the absence of a statutory definition of a term, we look to the common usage of words for their meaning.")).  Black's Law Dictionary defines "surrender" as "[t]he act of yielding to another's power or control" or "[t]he giving up of a right or claim." Black's Law Dictionary 1581 (9th ed. 2009).  The Eleventh Circuit Court of Appeals has held

that "[s]urrender provides that a debtor surrender the collateral to the lienholder who then disposes of it pursuant to the requirements of state law." *In re Taylor*, 3 F.3d at 1514. The First Circuit Court of Appeals has stated that "the most sensible connotation of 'surrender' . . . is that the debtor agreed to make the collateral available to the secured creditor – viz., to cede his possessory rights in the collateral – within 30 days of the filing of the [Statement of Intention]." *In re Pratt*, 462 F.3d at 18.

Importantly, to comply with 11 U.S.C. § 521(a)(2), a Chapter 7 debtor who surrenders her interest in property encumbered by a lien may not defend against a foreclosure action. *See, e.g., In re Failla*, Case No. 11-34324-PGH, Order Granting CitiBank's Amended Motion to Compel Debtors to Surrender Real Property Pursuant to Statement of Intention; *see also In re Dolan*, Case No. 10-36036-PGH, Order to Show Cause Why Edward John Dolan, Lori Ann Dolan and The Ticktin Law Group, As the Debtor's Agent, Should Not be Sanctioned for Violation of 11 U.S.C. § 521(a)(2)(B), entered by Chief Judge Hyman; *In re Kruger,* Case No. 12-20581-LMI, Order on Motion to Reopen Bankruptcy Case, entered by this Court; *In re Troutt*, Case No. 13-19869-EPK, Order Granting Motion to Compel and Denying Motion to Vacate, entered by Judge Kimball; *In re Plummer*, 513 B.R. 135 (Bankr. M.D. Fla. 2014); *In re Burnett,* Case No. 13-12274-MGW, Order Granting Secured Creditor's Motion to Compel Debtor to Surrender Real Property, entered by Judge Williamson, Bankruptcy Court for the Middle District of Florida; *In re Montalvo*, Case No. 8:13-bk-02501-MGW Order on Creditor's Motion to Compel, entered by Judge Williamson, Bankruptcy Court for the Middle District of Florida; *In re Metzler*, Case No. 8:12-bk-16792-MGW; *In re Patel*, Case No. 8:13-bk-09736-MGW, Memorandum Opinion on Surrender, entered by Judge Williamson, Bankruptcy Court for

the Middle District of Florida.[5] Copies of these orders are attached hereto as Composite Exhibit "C."

Here, the Debtor admitted, under penalty of perjury, the validity of the debt when she did not dispute Bank of America's secured claim in Schedule "D." *See, e.g., In re MacFarland*, 462 B.R. 857, 881 (Bankr. S.D. Fla. 2011). The Debtor then represented to this Court in the Statement of Intention that she would reaffirm the debt. Rather than complying with the Statement of Intention, the Debtor refused to reaffirm the debt and opposed the Foreclosure Action in contravention of existing case law. As in *Taylor*, the Debtor now has one option; she must surrender the Property. To properly surrender the Property, the Debtor must also cease any defense of the Foreclosure Action. *See, e.g., In re Failla*, Case No. 11-34324-PGH, Order Granting CitiBank's Amended Motion to Compel Debtors to Surrender Real Property Pursuant to Statement of Intention.

The Court should not ratify the Debtor's inequitable actions and should compel her to surrender her interest in the Property. As it stands, the Debtor now has a "head start" because she obtained a discharge of her personal liability while retaining the Property on which she has not made a payment for over three years. Her continued delay tactics in the Foreclosure Action have resulted in a windfall for the Debtor not contemplated by the Bankruptcy Code. As in *Steinberg* and *Linderman*, section 521(a)(2) requires this Debtor (who has neither reaffirmed nor redeemed the Property) surrender or otherwise make the Property available to Bank of America

---

[5] Also recently, in *In re Franklin*, Case No. 11-20340, a Chapter 13 proceeding, Judge Ray of this District entered an Order Granting Bank of America, N.A.'s (I) Motion to Compel Debtors to (A) Comply with the Confirmed Sixth Modified Plan and Order Confirming Same and (B) Surrender the Real Property Located at 7970 NW 37 Dr., Coral Springs Florida, in the State Foreclosure Action or in the Alternative (II) Motion to Revoke Confirmation of Plan and Dismiss Case for Bad Faith [ECF 167, dated June 2, 2015]. A copy of this Order is also annexed hereto as part of Composite Exhibit "A."

CASE NO. 12-12043-AJC<br>CHAPTER 7

(*e.g.*, under stipulated foreclosure judgment) so it can then dispose of it as required by state law. Instead, Bank of America has spent the last two years, at great expense, trying to foreclose on the Property while the Debtor has put up roadblocks at every step. As such, the Debtor is in violation of Section 521 and the spirit of the Bankruptcy Code.

This Court, in accordance with the provisions of 11 U.S.C. § 521, should not allow the Debtor to continue her wrongful retention of the Property. Accordingly, Bank of America respectfully requests this Court enter an order compelling the Debtor to surrender her interest in the Property and prohibiting the Debtor from defending the Foreclosure Action. In the alternative, should the Debtor retain the Property without reaffirmation of the debt, this Court should vacate the Discharge Order and dismiss this Case with an extended prejudice period.

WHEREFORE, Bank of America, N.A. requests that the Court enter an order reopening the Case, compelling the Debtor to surrender the Property, and granting any other relief that the Court deems proper.

Respectfully submitted,

/s/ Laudy Luna Perez
Laudy Luna Perez (FBN 044544)
Email: llp@lgplaw.com
Dora F. Kaufman (FBN 0771244)
Email: dfk@lgplaw.com
Jessica B. Reyes (FBN 56894)
Email: jbr@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Bank of America, N.A.*

CASE NO. 12-12043-AJC
CHAPTER 7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished this 15th day of June, 2015, via electronic transmission to all parties registered to receive electronic filing (cm/ecf) and via first class U.S. Mail to:

| | |
|---|---|
| *Debtor* | *Debtor's Counsel* |
| Genny Marino Rodriguez | Paul N. Contessa, Esq. |
| 9980 Jamaica Drive | 15321 S. Dixie Hwy, #207 |
| Miami, FL 33189 | Miami, FL 33157 |
| | |
| *Trustee* | Office of the US Trustee |
| Marcia T. Dunn | 51 S.W. 1st Ave. |
| 555 NE 15 Street, Ste 934-A | Suite 1204 |
| Miami, FL 33132 | Miami, FL 33130 |

/s/ Laudy Luna Perez
LAUDY LUNA PEREZ