| | |
|---|---|
| **From:** | Randy Liebler |
| **Sent:** | Thursday, April 23, 2015 11:11 AM |
| **To:** | Bruce Jacobs |
| **Cc:** | Dora F. Kaufman; Jessica B. Reyes |
| **Subject:** | FW: Bank of America, N.A. / Genny Rodriguez - Good Faith Conferral email (regarding Statement of Intention to reaffirm debt, and subsequent Discharge of Debtor) |
| **Attachments:** | Petition.pdf; 4.13.2015 (In re Dolans)--Entered Order to Show Cause.pdf |
| **Importance:** | High |

Mr. Jacobs,

As you are aware, Ms. Rodriguez filed a Chapter 7 bankruptcy and received a discharge. In her attached petition executed under penalty of perjury in January 2012, Ms. Rodriguez listed the subject property as non-exempt (Schedule C). She listed Bank of America (Bank) as the secured creditor as to the subject property in Schedule D with an undisputed secured debt of $236,153.49 owing to the Bank. Her sworn Statement of Intention reflects that she **intended to reaffirm the debt.** Her continued efforts to challenge Bank of America's foreclosure action directly violate 11 U.S.C. §521, as Ms. Rodriguez has failed to comply with her Statement of Intention (i.e., to reaffirm the debt). Copies of the referenced schedules and statement of intention are attached for your ease of reference.

Chief Judge Hyman of the Bankruptcy Court for the Southern District of Florida recently entered an order requiring a debtor and the foreclosure firm which represents him to show cause why they should not be sanctioned for violation of 11 USC § 521 for continuing their efforts to contest a foreclosure action where the debtor: 1) filed for Chapter 7 bankruptcy, 2) listed the subject property on Schedules A and D, 3) listed the creditor as the secured creditor for the property, 4) did not list the property as exempt in Schedule C, and 5) a discharge was received. (see attached April 13, 2015 Order in *In Re Edward and Lori Dolan* at paragraphs 1-5). As stated by Judge Hyman in the attached order at paragraph 10, the debtor is required to comply with their Statement of Intention in order to fulfill the requirements of § 521(a)(2). Specifically, Judge Hyman stated:

> [I]f the debtor chooses to retain nonexempt collateral under § 521(a)(2), he only has two options: reaffirmation or redemption. *In re Plummer*, 513 B.R. 135, 141, Bankr. M.D. Fla. 2014) (citing *Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512 (11th Cir. 1993)). Judge Jennemann of the Bankruptcy Court for the Middle District of Florida elaborated: [a debtor] may 'reaffirm' his agreement with the secured creditor to pay the prepetition debt, or 'redeem' the collateral by paying the allowed secured claim amount in full. **But, [w]here the debtor decides not to reaffirm, or the parties cannot negotiate a reaffirmation,** or redemption is not economically feasible, **the debtor has but one option: 'surrender' the collateral.** *In Re Plummer*, quoting *In re Pratt*, 462 F.3d 14, 19 (1st Cir. 2006). [emphasis added]

Thus, Judge Hyman found that the record establishes that the Debtors, through their counsel failed to comply with their Statement of Intentions and are in violation of 11 U.S.C. §521(a)(2)(B) by contesting the Foreclosure Action from December 17, 2010 to present. As reflected in the attached Order, both the debtors and their foreclosure counsel have been ordered to show cause in that case why they should not be sanctioned for failing to comply with the Statement of Intention. See attached order at paragraphs 12-14.

Despite our efforts, Ms. Rodriguez has <u>failed and refused to reaffirm the debt</u>, contrary to her statement of intention (preceding the Discharge Order entered in the Bankruptcy proceedings). Instead, Ms. Rodriguez (through your firm serving as Counsel of record on her behalf) has filed, amended and vigorously pursue multiple affirmative defenses and Counterclaims.

Please let this serve as our good faith effort to obtain the required reaffirmation of debt, or surrender of your client's collateral property. In the event that the parties are not able to stipulate to the terms of a reaffirmation agreement despite

1

our efforts to do so, the Bank reserves all rights and remedies, including but not limited to filing of a similar Motion to reopen the bankruptcy and seek sanctions therein against Ms. Rodriguez and your firm for violation of 11 USC § 521.

Best regards,



Randy Liebler
Director/Shareholder
LIEBLER, GONZALEZ & PORTUONDO

44 West Flagler Street | Courthouse Tower 25th Floor | Miami, FL 33130 | Tel: (305) 379-0400 | Fax (305) 379-9626 | Email: JRL@lgplaw.com | Web: www.lgplaw.com
"Representing America's Leading Businesses"

Please consider the environment before printing this email message.

CONFIDENTIALITY NOTICE:  This e-mail contains confidential information that is legally privileged.  Do Not read this e-mail if you are not the intended recipient.  This e-mail transmission, and any documents files or previous e-mail messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this to JRL@lgplaw.com or by telephone at (305) 379-0400 and destroy the original transmission and its attachments without reading or saving in any manner.