

ORDERED in the Southern District of Florida on August 12, 2015.

    A. Jay Cristol, Judge
    United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                           Case No. 12-12043-BKC-AJC

GENNY MARINO RODRIGUEZ,
                                                                                  Chapter 7
        Debtor.
_____/

### ORDER DENYING SECURED CREDITOR BANK OF AMERICA, N.A.'S MOTION TO REOPEN CASE TO COMPEL DEBTOR TO SURRENDER THE REAL PROPERTY LOCATED AT 9980 JAMAICA DRIVE, FL 33189

**THIS CAUSE** came before the Court for hearing on Jun 30, 2015 at 11:00 a.m. upon the *Secured Creditor Bank of America, N.A.'s Motion to Reopen Case to Compel Debtor to Surrender the Real Property Located at 9980 Jamaica Drive, FL 33189* (the "***Motion***") [ECF No. 25]. The Court, having considered the Motion and having heard the arguments of counsel and otherwise being fully advised in the premises, denies the Motion.

### BACKGROUND

On January 26, 2012 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, initiating this case. In her Statement of Intention

filed with the Petition, the Debtor listed Bank of America as the secured creditor holding a lien on the real property located at 9980 Jamaica Drive, FL 33189 (the "***Property***"), and included her election to "reaffirm" the debt secured by the Property. *See* ECF No. 1 at p. 37.

On May 7, 2012, the Debtor received a discharge pursuant to 11 U.S.C. § 727(b). (the "***Discharge Order***") ECF No. 22. The Debtor never executed a written reaffirmation agreement, in addition to her election to reaffirm, prior to the entry of the Discharge Order.

Notwithstanding Bank of America's repeated assertions in its Motion that Debtor "refused" to sign a reaffirmation agreement, Bank of America has not established that it ever provided a reaffirmation agreement to the Debtor prior to entry of the Discharge Order; and, the Debtor specifically denies that Bank of America ever provided her a reaffirmation agreement to sign.

On September 23, 2013, over a year after the Debtor received her discharge, Bank of America filed a foreclosure action against the Debtor (the "***Foreclosure Action***"). The Debtor has vigorously opposed the Foreclosure Action.

On June 15, 2015, Bank of America filed its Motion seeking to reopen the Debtor's bankruptcy case and compel the Debtor to surrender the Property and cease defense of the Foreclosure Action.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(a)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## DISCUSSION

The issues raised by the Motion are (1) whether Bank of America has shown cause to reopen the Debtor's bankruptcy case and (2) whether the Debtor should be compelled to "surrender" the Property and cease defending herself in the Foreclosure Action for failing to execute a reaffirmation agreement consistent with her stated intent to reaffirm the debt. For the reasons set forth herein, the Court believes this case should not be reopened for the purpose of compelling the Debtor to surrender the Property to Bank of America and cease defending herself in the Foreclosure Action.

### Standard of Review

A bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other such cause." 11 U.S.C. § 350(b) (emphasis added). A decision to reopen a case under § 350(b) is based on "the particular circumstances and equities of each particular case" and is within the discretion of the bankruptcy judge and will not be set aside absent an abuse of discretion. *See In re Mayhugh*, 427 B.R. 549, 552 (Bankr. S.D. Fla. 2010); *Cadlerock Joint Venture L.P. v. Herendeen*, --- B.R. ---, 2015 WL 2365942 at *3 (M.D. Fla. May 18, 2015) citing *In re Haskett*, 297 B.R. 637, 639 (Bankr.N.D.Ala.2003).

When deciding whether to reopen a closed case, courts generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors. *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011). Additional factors include the availability of relief in another forum, whether the estate has been fully administered, and the length of time between the closing of the case and the motion to reopen. *Id. citing In re Apex Oil Co. v. Sparks*, (*In re Apex Oil Co.*), 406 F.3d 538, 543 (8th Cir. 2005). *See also, In re Chicago,*

*Milwaukee, St. Paul & Pacific RR Co.*, 6 F.3d 1184, 1194 (7th Cir. 1993) (availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a bankruptcy case); *Mohorne v. Beal Bank, S.S.B.*, 419 B.R. 488, 493 (S.D. Fla. 2009) citing *Citizens Bank & Trust Co. v. Case* (*In re Case*), 937 F.2d 1014, 1018 (5th Cir. 1991) ("The longer the time between the closing of the estate and the motion to reopen … the more compelling the reason for reopening the estate should be."); *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008). The doctrine of laches may also be grounds for denying a motion to reopen. Laches may bar relief when a party unreasonably delays taking certain action and the affected party is prejudiced by the delay. *In re Arana*, 456 B.R. at 174.

### No Cause to Reopen Bankruptcy Case

It is undisputed that, during the course of Debtor's bankruptcy case, Bank of America did not present a reaffirmation agreement to the Debtor while her case was open. Had it done so and the Debtor refused to execute the reaffirmation agreement presented to her, Bank of America could have brought the Debtor's refusal to execute such a reaffirmation agreement to the Court for adjudication at that time. Instead, Bank of America failed to provide a reaffirmation agreement to the Debtor, and failed to compel the Debtor to reaffirm the debt, by a written reaffirmation agreement, on the Property during the pendency of the Debtor's bankruptcy case.

The case of *In re Trussel*, Case No. 1:12-bk-10001-KSJ (Bankr. N.D. Fla.) is instructive. The facts in *Trussel* are analogous to the facts of this case -- except that the creditor in *Trussel* actually tried to negotiate a reaffirmation agreement with the debtor in the statutorily prescribed timeframe. In *Trussel*, a chapter 7 debtor stated an intent to reaffirm, but never actually executed a reaffirmation agreement. The debtor received his discharge, and continued to defend a foreclosure action in state court. The creditor asked the bankruptcy court to force the debtor to

surrender the property and cease defending the foreclosure action. After analyzing 11 U.S.C. § 521(a)(2) and relevant case law, the *Trussel* court held:

> In cases like this one, where Trussel stated an intent to reaffirm the debt but ultimately the Debtor and Creditor could not come to an agreement, **the Court would look for extraordinary circumstances before issuing an injunction ordering the Debtor to surrender the Property**. Did the debtor attempt, in good faith, to reach a reaffirmation agreement with the creditor? Creditor has not pointed to any facts suggesting Trussel acted in bad faith.
>
> The Court cannot discern any factual circumstances warranting such extreme relief as an injunction under § 105. "The mere fact that ordering surrender might be more efficient for the [Creditor] from a process standpoint . . . is not enough to warrant a more serious remedy." **Rather, the Court concludes the Creditor primarily is seeking an injunction to preclude or to short-circuit Trussel's right to raise legitimate defenses in the pending state court foreclosure. Trying to avoid responding to legitimate defenses does not constitute sufficient compelling cause to obtain the extraordinary remedy of an injunction**.
>
> Section 521(a)(2)(A) requires a debtor to do what he says he is going to do. If a debtor does not follow through with his or her stated intention, **relief from the automatic stay is the preferred remedy absent compelling circumstances**.

*Id.*, *Memorandum Opinion Denying 21 Asset Management Holding, LLC's Motion to Compel* (Bankr. N.D. Fla. Mar. 5, 2015) at pp. 6-7 [ECF No. 180] (emphasis added).

In this case, while Bank of America alleges it has offered various loan modifications to the Debtor post-discharge, Bank of America admits that the time for the Debtor to reaffirm has long since passed. Bank of America's belated loan modification proposals do not equate to a timely delivered reaffirmation agreement.

The Court declines to reopen the Debtor's bankruptcy case to compel the Debtor to surrender the Property and to cease defending the Foreclosure Action. No authority exists for such relief under the circumstances herein. Further, granting the relief requested by Bank of America would improperly reward Bank of America for sitting on its rights during the pendency

of the Debtor's bankruptcy case, and further provide Bank of America with an unwarranted dispositive litigation advantage in its Foreclosure Action by preventing the Debtor from defending herself.

Bank of America chose an alternate forum to address non-payment of its debt. It initiated the Foreclosure Action over a year after the Debtor obtained her discharge. The availability of an alternate forum to adjudicate the non-payment issue weighs against reopening this case. *See In re Arana*, 456 B.R. at 172, *In re Apex Oil Co.* 406 F.3d at 543, *In re Chicago, Milwaukee, St. Paul & Pacific RR Co.*, 6 F.3d at 1194; *In re Case*, 937 F.2d at 1018; *In re Lowery*, 398 B.R. at 515. Moreover, even if Debtor is defending the Foreclosure Action on "meritless" grounds "primarily based on standing," Bank of America has recourse in the alternate forum it selected.

The Debtor's bankruptcy case was closed on May 10, 2012 and the Motion was filed on June 15, 2015, three years after the Debtor's bankruptcy case was closed. Bank of America offers no explanation for why it failed to avail itself of its right to obtain an executed reaffirmation agreement from the Debtor during the pendency of the bankruptcy case or failed to attempt to reopen the bankruptcy case until two years into a Foreclosure Action in which it has apparently been frustrated by the defenses asserted by the Debtor.

The Court believes the doctrine of laches applies and supports denial of the Motion. *See In re Arana*, 456 B.R. at 174. Bank of America, were it intent to preserve its rights pursuant to 11 U.S.C. 521(a)(2), could have, either before or upon the expiry of the 30 days set forth in 11 U.S.C. 521(a)(2)(B), moved to compel the Debtor to execute a reaffirmation agreement. Instead, Bank of America inexcusably delayed bringing the Motion (3 years after discharge), and the Debtor is unduly prejudiced by Bank of America's delay. As a result, this case will not be reopened.

## The Court Will Not Compel the Debtor to
## Surrender the Property or Cease Defending Foreclosure Action

Section 521(a)(2) of the Bankruptcy Code provides:

> if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
>
> **(A)** within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and
>
> **(B)** within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; **except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);** [emphasis added]

> 11 U.S.C. §521(a)(2) (emphasis added).

Even if Bank of America is deemed to have shown cause to reopen this case, which it did not, the Court would not exercise its power under 11 U.S.C. §105 to impose the remedy requested, as Congress did not provide for same in the Code. The remedy set forth in §362(h), the lifting of the automatic stay, is that afforded a failure to "…take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms." 11 U.S.C. 362(h)(1)(B). As noted by the Court in *In re Trussel,* "If a debtor does not follow through with his or her stated intention, **relief from the automatic stay is the preferred remedy absent compelling circumstances."** *In re Trussel*, *Memorandum Opinion Denying 21 Asset*

*Management Holding, LLC's Motion to Compel* (Bankr. N.D. Fla. Mar. 5, 2015) at pp. 6-7 [ECF No. 180] (emphasis added).  No such compelling circumstances exist here.

It is not disputed that the Debtor filed her Statement of Intention stating her intent to reaffirm the debt, but never executed a reaffirmation agreement.  The Debtor argues Bank of America never provided a reaffirmation agreement to her and she never "refused" to sign a reaffirmation agreement.  Regardless, no reaffirmation agreement was executed, and Bank of America did not bring the matter before the Court during the pendency of the Debtor's bankruptcy.

The Debtor has never stated an intent to *surrender* the Property.  The cases cited by Bank of America, with respect to a debtor that states an intent to surrender but then fails to do so, are inapposite and provide no support for the Motion.  Moreover, the case cited by Bank of America at the hearing on June 30, 2015, *In re Harris*, 226 B.R. 924 (Bankr. S.D. Fla. 1998), to support its argument [that this Court should compel the Debtor to surrender the Property] is also distinguishable.  In *Harris*, the secured creditor tendered a reaffirmation agreement to the debtor, and the debtor refused to execute the agreement.  Here, no reaffirmation agreement was provided to the Debtor and therefore there was no "refusal."  Failure of the debtor, in *Harris*, to execute a reaffirmation agreement in conformity with his stated intent resulted in this Court granting the secured creditor's motion to dismiss the case, not surrender of the Property.  Here, Bank of America seeks to reopen a case that has been closed for three years to compel the Debtor to surrender the Property where no intention to surrender was ever stated,  The Court does not believe *Harris* supports Bank of America's requested relief.

Bank of America complains that it has been vexed in the Foreclosure Action with a defense based "primarily on standing grounds."  Motion at ¶ 12.  Bank of America can and must

address its standing issues in the alternate forum it chose when it initiated the Foreclosure Action. Even in a case where the debtor indicates an intent to surrender the property in its petition and then fails to do so, the remedy would be stay relief and not a bar by injunction to defending a foreclosure action which would be unconstitutional, inequitable and unjust. Accordingly, it is

ORDERED AND ADJUDGED that the *Secured Creditor Bank of America, N.A.'s Motion to Reopen Case to Compel Debtor to Surrender the Real Property Located at 9980 Jamaica Drive, FL 33189* [ECF No. 25] is DENIED.

###

**Submitted By:**
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Special Counsel to Genny Marino Rodriquez*

**Copies Furnished To:**
James C. Moon, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.